# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN MALCOM KEITH, BAR NO.
4110.

No. 73314

FILED

DEC 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Brian M. Keith be suspended for three years retroactive to December 15, 2016, for his violation of RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Keith committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

Keith has a prior misdemeanor DUI conviction in Oregon and a separate felony DUI conviction in California. Keith was suspended for two years in 2008 as a result of the felony conviction. After being reinstated, in March 2016, Keith was convicted in Nevada of misdemeanor DUI after being pulled over for driving 70 mph in a 35 mph zone, admitting to consuming alcohol before driving, smelling strongly of alcohol, failing the

17-42463

field sobriety test, and having difficulty walking or standing without support. Keith was temporarily suspended on December 15, 2016. As a result of the March 2016 conviction, the panel found that Keith violated RPC 8.4(b) (misconduct: commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer). We defer to the hearing panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Keith violated RPC 8.4(b).

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

Keith knowingly violated a duty owed to the profession (failure to maintain personal integrity) by engaging in criminal conduct—driving under the influence of alcohol. Keith's criminal acts could be detrimental to the integrity and standing of the bar. The panel found and the record supports three aggravating circumstances (prior disciplinary offense, pattern of misconduct, and illegal conduct) and two mitigating circumstances (absence of dishonest or selfish motive and imposition of other penalties or sanctions).[1]

---

[1]The panel also found the aggravating circumstance of multiple offenses, but this circumstance is not supported by the record as the underlying bar complaint deals with a single DUI conviction.

 

Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."). Further, considering that Keith's illegal conduct continues along a pattern of misconduct for which he has been previously disciplined, we conclude that the panel's recommended three-year suspension protects the public, the courts, and the legal profession.

Accordingly, we hereby suspend Brian M. Keith from the practice of law in Nevada for three years commencing from December 15, 2016. Keith shall pay SCR 120(1) fees in the amount of $2,500 and the costs of the disciplinary proceedings within 30 days of the date of this order, if he has not done so already. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                              Gibbons

_____, J.          _____, J.
Pickering                                            Hardesty

_____, J.          _____, J.
Parraguirre                                        Stiglich

 

cc:    Chair, Southern Nevada Disciplinary Panel
Pitaro & Fumo, Chtd.
Brian Malcolm Keith
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court